**Rajesh KUMAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–73762.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Lyle E. Strom, Senior U.S. District Judge for District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 14, 2009.*

Filed Oct. 16, 2009.

Taranjeet Kaur Buttar, I, Esquire, Patrick Ontiveros Cantor, Esquire, Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Anna Nelson, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and CUDAHY **, Senior Circuit Judge.

## MEMORANDUM ***

Rajesh Kumar (Kumar) petitions for review of a Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial of his requests for asylum, withholding of removal, and relief pursuant to the Convention Against Torture premised on the IJ's finding that Kumar was not credible.

Based on the inconsistencies between Kumar's asylum application and his testimony, Kumar's failure to provide corroborating evidence, and the inherent implausibility of his testimony, there was substantial evidence supporting the adverse credibility determination. *See Malkandi v. Holder,* 576 F.3d 906, 917–18 (9th Cir.2009), *as amended; see also Husyev v. Mukasey,* 528 F.3d 1172, 1183 (9th Cir.2008); *Sidhu v. I.N.S.,* 220 F.3d 1085, 1092 (9th Cir.2000), *as amended* ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review.").

Kumar, therefore, is not eligible for asylum, withholding of removal, or relief pursuant to the Convention Against Torture. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).[1]

**Petition DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the BIA did not adopt the IJ's internal relocation analysis, it is not subject to review by this court. *See Kyung Park v. Holder,* 572 F.3d 619, 622 (9th Cir.2009) ("[T]he court's review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.") (citation and internal quotation marks omitted).